# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40355
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUNEISHA HEARNS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-93-2

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Euneisha Hearns appeals her 46-month, within-guidelines sentence for conspiracy to commit bank fraud. Hearns's sentence includes a 14-level enhancement based on attributable losses of $ 865,940.18 from 10 transactions involving her submission of fraudulent mortgage loan applications. *See* U.S.S.G. § 2B1.1(b)(1)(H). Hearns challenges the sufficiency of the evidence that she was a knowing participant in six of those transactions, evidence of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which was not introduced at trial but which the district court found to be "relevant conduct" under the Guidelines. *See* § 2B1.1(b)(1); U.S.S.G. § 1B1.3(a)(2); *United States v. Bernegger*, 661 F.3d 232, 242 (5th Cir. 2011). Hearns concludes that the court erred by attributing the losses resulting from those six transactions to her for purposes of calculating her sentence.

The presentence report (PSR), supported by the affidavit and testimony of Rodney Connor, reflects that Hearns prepared and submitted mortgage loan applications for the six properties at issue containing material misrepresentations about the borrowers' finances and falsely stating that the borrowers would provide funds for the down payment and closing costs. Such funds were in reality provided by members of the conspiracy. The borrowers stated that they did not supply the false information to Hearns. Additionally, two of Hearns's accomplices confirmed that Hearns knew at the time that the borrowers were not providing their own down payment and closing funds, thus contradicting her representations to the lenders.

Beyond making conclusory assertions, Hearns does not challenge the reliability of the PSR or other evidence. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009); *United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007). Nor does she dispute that the loan applications she submitted for the relevant properties were materially false. She argues only that there is no direct evidence that she falsified any of the information or had actual knowledge of any material falsity at the time. From the facts contained in the PSR, however, the district court could plausibly infer that Hearns submitted those loan applications knowing that they contained materially false information about the borrowers' finances and the source of the down payment and closing funds. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010) (holding that a factual finding is not clearly erroneous if it is plausible

No. 17-40355

in light of the record as a whole).   The district court thus had a sufficient evidentiary basis for attributing the resulting losses to Hearns.  *See Bernegger*, 661 F.3d at 242.

With respect to the ensuing issue of whether Hearns's fraudulent actions constituted "relevant conduct" under the Guidelines, she fails to provide adequate briefing.  *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).   As a result, Hearns fails to show that the district court's "relevant conduct" determination or its attribution of loss under § 2B1.1(b)(1) was clearly erroneous.  *See United States v. Reasor*, 541 F.3d 366, 369 (5th Cir. 2008). Accordingly, we affirm the judgment of the district court.  *See United States v. Fernandez*, 770 F.3d 340, 342, 344-45 (5th Cir. 2014).

AFFIRMED.